UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


FILED
JAN 18 2022
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

|   |   |
|---|---|
| MARK MARVIN, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 1:21-cv-03408 (UNA) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

This matter is before the court on petitioner's *pro se* petition for a writ of habeas corpus, ECF No. 1, and application to proceed *in forma pauperis* ("IFP"), ECF No. 2. Petitioner challenges the criminal charges brought against Matthew Perna and Stephen Ayers, in connection with what petitioner describes as "a mostly peaceful assembly by peaceful persons in a Washington D.C. on January 6[,] 2021" at the United States Capitol Building.[1] Pet. at 1. For reasons explained below, the application to proceed IFP will be granted, and the habeas petition will be dismissed.

"Article III of the United States Constitution limits the judicial power to deciding 'Cases' and 'Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S.

---

[1]  Petitioner has now unsuccessfully attempted to raise substantially similar claims in several matters recently filed in this court. *See, e.g., Marvin v. United States*, No. 21-cv-03129 (UNA) (dismissed Dec. 28, 2021); *Marvin v. United States*, No. 21-cv-03084 (UNA) (dismissed Nov. 24, 2021); *Marvin v. United States*, No. 21-cv-02856 (UNA) (dismissed Nov. 16, 2021); *Marvin v. United States*, No. 21-cv-02962 (UNA) (dismissed Nov. 16, 2021); *Marvin v. United States*, No. 21-cv-02971 (UNA) (dismissed Nov. 16, 2021); *Marvin v. United States*, No. 21-cv-01948 (UNA) (dismissed Aug. 12, 2021); *Marvin v. United States*, No. 21-cv-01872 (UNA) (dismissed Aug. 5, 2021); *Marvin v. United States*, No. 21-cv-01493 (UNA) (dismissed June 8, 2021).

Const. art. III, § 2). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Comm. on Judiciary of U.S. House of Representatives v. McGahn*, 968 F.3d 755, 762 (D.C. Cir. 2020) (internal quotation marks omitted). A party has standing for purposes of Article III if he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 763 (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)). This petition lacks any factual allegations showing that petitioner sustained (or is likely to sustain) an injury resulting from defendant's alleged conduct.

Furthermore, as a general rule, a *pro se* litigant can represent only himself or herself in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]"); *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (same); *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.,* 274 F. Supp. 2d 10, 16 (D.D.C. 2003) (same), *affd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No. 03-7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004).

The Court also notes that a "writ of habeas corpus shall not extend to a [petitioner] unless" he is "in custody" under some authority. 28 U.S.C. § 2241(c). A person is generally considered "in custody" if he is being held in a prison or jail, or if he is released on conditions of probation or parole, *see, e.g., Jones v. Cunningham*, 371 U.S. 236, 240–43 (1963) (holding that a paroled petitioner is "in custody" because parole restrictions "significantly restrain petitioner's liberty"), or subject to other "substantial" non-confinement restraints on liberty, *see, e.g., Hensley v. Municipal Court*, 411 U.S. 345, 351–53 (1973) (holding that a petitioner released on his own recognizance pending appeal of his sentence was "in custody" for purpose of habeas). Nothing in the petition suggests that petitioner currently is incarcerated, or is a probationer or parolee, or is

otherwise restrained. Petitioner is thus not "in custody" for habeas purposes, and the petition must be dismissed.

Finally, though the court finds that petitioner has no standing to do so, to the extent that he seeks to intervene in Perna and Ayers's ongoing criminal matters, *see* Pet. at caption, he must file for leave to do so in those matters.

A separate order will issue with this memorandum opinion.

Date:  January 18, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge